6739.   CLANTON *v.* THE STATE.

RUSSELL, C. J.   1. Upon a trial for simple larceny (horse stealing), the statements of the accused as to the ownership of the animals alleged to have been stolen are admissible for the purpose of illustrating his in-

tention at the time when the animals came into his possession and during such possession. It was therefore not error in the present case, in which it was charged that the defendant committed the larceny by an asportation in Floyd county, Georgia, to permit testimony to the effect that after the accused reached a certain town in the State of Alabama, he claimed to own the animals alleged to have been stolen, and attempted to sell them as his property; it being at last a question for the jury whether the animus furandi had its inception in Floyd county, Georgia, or whether the intent to steal was not entertained until the defendant, with the property, had entered the boundaries of the State of Alabama.

2. Under the principle stated above, the instruction of the trial judge to the jury, "If you believe at the time he got possession of this property, if he did get possession of it, that it was a scheme and device on his part, fraudulently concealed, to get possession of it for the purpose of stealing it, and if you believe at the time he got possession of it in this county, if he did so, that he had then and there an intention in his mind to steal this property and appropriate it to his own use, that would be sufficient evidence of the larceny in this county," afforded no reason for the grant of a new trial upon the ground that it left the commission of the crime to the belief of the jurors, without regard to the evidence in the case, inasmuch as the court elsewhere in the charge instructed the jury that it must appear that the defendant stole the property in the county, and explained to them, in immediate connection therewith and as a part of the same sentence to a portion of which exception is taken, that if the defendant took possession of the property in the county alleged, with intent to drive it, without permission of the owner, and, after he got into the State of Alabama, formed the intent for the first time to steal it, the crime would be in Alabama and not in Georgia, and that the jury could not convict him in the case.

3. The evidence as to the defendant's intention to convert the property to his own use, though weak and unsatisfactory, was sufficient to authorize the conclusion reached by the jury; and since it was approved by the trial judge, their verdict will not be disturbed.

*Judgment affirmed.*

DECIDED JANUARY 11, 1916.

Indictment for larceny; from Floyd superior court—Judge Wright. May 22, 1915.

*Sharp & Sharp, John Camp Davis,* for plaintiff in error.

*W. H. Ennis, solicitor-general, W. B. Shaw,* contra.